IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-2408-JPO |
| ) | |
| UNIFIED GOVERNMENT OF WYANDOTTE, ) | |
| COUNTY/KANSAS CITY, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

A jury trial is scheduled to begin in this case on October 24, 2016. On September 14, 2016, plaintiff filed a Fed. R. Civ. P. 26(e)(1) supplemental disclosure[1] to his initial computation of damages, specifically to his claim for lost wages.[2] Defendants objected to the supplemental disclosure as untimely and moved to strike it (ECF doc. 242). Because the court finds plaintiff's late supplemental disclosure harmless, if not justified, the court overrules defendants' objection and denies the motion.

Plaintiff's initial claim for lost wages, as reflected in the April 4, 2016 Amended Pretrial Order, was for $400,000.[3] Plaintiff's supplemental disclosure states that based on

---

[1] ECF doc. 230.

[2] Plaintiff's initial computation of damages was made pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), which required plaintiff to provide defendants "a computation of each category of damages claimed" without awaiting a discovery request.

[3] ECF doc. 210 at 47.

changes to the pay scale negotiated in a new Memorandum of Understanding ("MOU") between defendant the Unified Government of Wyandotte County/Kansas City, Kansas and plaintiff's former collective bargaining representative, the Fraternal Order of Police, Lodge No. 4, plaintiff now claims $1,913,291 in lost wages.[4] Plaintiff asserts that he made his supplemental disclosure "as soon as practical" after learning about the MOU, which was executed on December 10, 2015.[5] According to plaintiff, because he was no longer represented by Lodge 4, he did not have access to the MOU. Although his counsel represented plaintiffs in related cases who are still represented by Lodge 4, those cases did not include lost-wages claims, making the new MOU irrelevant therein. Plaintiff states his counsel's request to obtain a copy of the MOU from the Lodge 4 president went unanswered, and counsel was "unable to obtain a copy from other members of Lodge 4 until September 12, 2016."[6] "Thereafter, counsel promptly completed the calculations and submitted the disclosures within 2 days."[7]

Defendants argue that plaintiff's supplemental disclosure is untimely under the court's scheduling and pre-trial orders, and that pursuant to Fed. R. Civ. P. 37(c)(1) the court should

---

[4] ECF doc. 230 at 1–2 (reflecting request for $269,080 in lost wages to date, $23,148 in lost wages to date related to potential off-duty police employment, $1,536,187 in future lost wages, and $84,876 in future lost wages related to potential off-duty police employment).

[5] ECF doc. 250 at 1–2.

[6] *Id.* at 2.

[7] *Id.*

preclude plaintiff from offering at trial evidence going to plaintiff's increased damages request.

> Rule 37(c)(1) states,
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, *unless* the failure was substantially justified or is harmless.[8]

In *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company*, the Tenth Circuit set forth four factors district courts should consider in determining whether a late disclosure is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[9]

Although plaintiff presents perilously thin reasons for his late damages supplement—he does not state, for example, the date on which his counsel learned of the MOU or explain why his counsel did not request a copy of the MOU from other clients to begin with—the court takes the reasons at face value. The court ultimately need not determine whether they "substantially justify" the disclosure delay, however, because the court finds the delay harmless under the *Woodworker's Supply* factors.

First, plaintiff's revised damages calculation should have come as no surprise to

---

[8]Fed. R. Civ. P. 37(c)(1) (emphasis added).

[9]170 F.3d 985, 993 (10th Cir. 1999).

defendants, as the Unified Government was a party to the MOU on which it is based. Second, although defendants are prejudiced by receiving, after the close of discovery, a supplement that increases plaintiff's damages claim for lost wages by more than $1.5 million without any indication of the "calculations" plaintiff's counsel performed in reaching the new amount,[10] such prejudice will be cured by the provisions discussed below.  Third, simply changing the *amount* of damages sought, without changing the theories of recovery, will not disrupt the trial.  Because plaintiff filed the supplemental disclosure nearly six weeks before the start of trial, adequate time exists to cure any prejudice without delaying the start. Finally, although plaintiff's stated reasons for the delay suggest sloppy practice, nothing in the record indicates it was based on plaintiff's bad faith or willfulness.

To cure any potential prejudice defendants face as a result of plaintiff's supplemental disclosure, the court orders as follows:

1.      No later than **October 7, 2016, at 5:00 pm**, plaintiff must provide defendants a notice showing, in detail, the specific computations plaintiff's counsel performed to reach *both* the original and new lost-wages amounts plaintiff requested.

2.      Plaintiff must be tendered for a deposition, not to last more than ninety minutes, no later than **October 17, 2016**, to answer questions about his lost-wages claim.

---

[10]The court notes that plaintiff's original itemization of damages suffered from the same deficiency, but defendants seemingly did not raise the issue with the court.  *See* Case No. 11-2689, ECF doc. 63-2 (Itemization of Damages), incorporated into ECF doc. 63 at 59 (Pretrial Order); *see also* ECF doc. 210 at 47 (Amended Pretrial Order).

The expense of the deposition, including the cost of one copy of its transcript, shall be borne by plaintiff. Plaintiff shall also be responsible for defense counsel's fees incurred in up to sixty minutes of deposition preparation and up to ninety minutes of attending the deposition. Plaintiff shall reimburse defendants for these deposition-related expenses and fees within **five business days** of receiving an invoice from defendants.

Finally, as noted above, under the Amended Pretrial Order the lost-wages portion of plaintiff's damages request is listed as $400,000.[11] Although plaintiff did not file a separate motion to amend the pretrial order, the court will deem plaintiff's supplemental disclosure[12] and response in opposition to defendant's motion to strike the same[13] a motion making such a request. Consistent with the rulings above, the request is granted and the pretrial order shall be deemed amended to reflect a request for lost-wages in the amount of $1,913,291.[14]

IT IS SO ORDERED.

Dated October 6, 2016, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge

---

[11] ECF doc. 210 at 47.

[12] ECF doc. 230.

[13] ECF doc. 250.

[14] *See* ECF doc. 210 at 1 ("This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by . . . order of the Court to prevent manifest injustice.").