UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 14-2408-JPO |
| UNIFIED GOVERNMENT OF WYANDOTTE ) | |
| COUNTY/KANSAS CITY, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case arises from a January 4, 2011 sting operation in which the Kansas City Kansas Police Department ("KCKPD") sought to determine whether police officers on its tactical squad (the "SCORE Unit") were engaging in theft during the execution of search warrants. Plaintiff Michael Mills, a member of the SCORE Unit at the time, was arrested immediately following the sting operation. He brings federal civil-rights claims and state common-law claims for assault, battery, unlawful arrest and detention, and failure to train and supervise. A jury trial is scheduled to begin October 24, 2016. Before the court is defendants' motion for judicial notice (ECF doc. 247). As explained below, the motion is granted.

### I.   Background Facts

The genesis of this lawsuit arises from complaints of theft in the course of the SCORE Unit's execution of search warrants. To that end, the KCKPD and the Federal Bureau of Investigation launched a joint public corruption investigation and conducted a

sting operation on the SCORE Unit.  As a result of the January 4, 2011 sting operation, SCORE Unit Officers Darrell Forrest, Jeffrey Bell, and Dustin Sillings were indicted and pleaded guilty to crimes and activities associated with the sting operation and the complaints of theft which led to the sting operation.  The plea agreements were entered on January 17 and 18, 2012, in *United States of America v. Jeffrey M. Bell, Darrell M. Forrest, and Dustin Sillings*, Case No. 11-20053-KHV (ECF docs. 36, 38, and 40).  Specifically, each officer pleaded guilty to Count I of the indictment, 18 U.S.C. § 24l - conspiracy against rights, and the plea agreements set forth the sworn allocution of each of the three officers.  Defendants contend that the information contained in the plea agreements is directly related and highly relevant to the facts and issues in this case because, but for the January 4, 2011 sting operation, violations of citizens' civil rights by multiple SCORE Unit officers may never have been uncovered.  Defendants also argue that the facts known by defendants at the time plaintiff was detained—facts which are detailed in the plea agreements—are probative of defendants' motives in detaining plaintiff.  Defendants move the court to take judicial notice of these three plea agreements.

Defendants also move the court to take judicial notice of the indictment (ECF doc. 1) filed on July 31, 2011, against Officers Forrest, Bell, and Sillings in Case No. 11-20053-KHV.  Officers Forrest, Bell, and Sillings were indicted under the following statutes: (1) 18 U.S.C. § 241 - conspiracy against rights; (2) 18 U.S.C. § 242 - deprivation of rights; (3) 18 U.S.C. § 641 - theft of government property; and (4) 18 U.S.C. § 642 - tools and materials for counterfeiting.  Defendants argue that these indictments, like the

plea agreements, demonstrate the serious nature of the criminal charges filed against the officers in the execution of their official duties as police officers and as members of the SCORE Unit for which they were arrested and indicted.

Plaintiff argues that the court cannot take judicial notice of the three plea agreements and indictment because plaintiff was not a party to those documents.  Then he argues that the plea agreements and the indictment are irrelevant to the instant action and should not be admitted into evidence.  Finally, plaintiff contends that this evidence is highly prejudicial given that plaintiff himself is not identified in the plea agreements or indictment.

## II.     Analysis

### A. Judicial Notice

Under Federal Rule of Evidence 201, courts must take judicial notice of facts "not subject to reasonable dispute . . . if a party requests it and the court is supplied with the necessary information."  Judicial notice permits a judge to accept "a matter as proved without requiring the party to offer evidence of it."[1]  Because taking judicial notice removes a party's evidentiary burden, the doctrine demands that a court only notice "matters that are verifiable with certainty."[2]

"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."[3]  Indeed, the Tenth Circuit has adopted

---

[1] *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985).
[2] *Id.* (citing *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).
[3] *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

the general rule that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."[4]  Here, the plea agreements and indictment of Officers Forrest, Bell, and Sillings are not subject to reasonable dispute. Additionally, the criminal conduct of these officers (as reflected in the court filings) forms the basis for the reason plaintiff was detained in the first place and is, therefore, "closely related" to this lawsuit.  Plaintiff has cited no authority for the additional limit he imputes to Rule 201—that a court may only take judicial notice of facts previously adjudicated against a party in the case—and the court declines to adopt this argument. The court grants defendants' motion and takes judicial notice of ECF docs. 1, 36, 38, and 40 in Case No. 11-20053-KHV.

### B. Admissibility

Plaintiff asserts that the SCORE Unit officers' plea agreements and indictment are not relevant to his claims and that the possible probative value is substantially outweighed by the danger of unfair prejudice.  Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  As to prejudice, Rule 403 provides that although relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

---

[4] *St. Louis Baptist Temple*, 605 F.2d at 1172.

As explained in the court's limine order,[5] evidence of alleged criminal acts of the SCORE Unit could shed light on facts material to the outcome of this litigation. Specifically, information contained in the plea agreements and indictment are highly relevant to the background of the sting operation, the manner in which the sting operation was executed and SCORE Unit members were detained, and defendants' states of mind regarding plaintiff's detention.  Plaintiff has failed to meet his burden of showing such evidence should be excluded as irrelevant.

Moreover, information contained in the plea agreements and indictment is not only relevant, but also highly probative to the issues in this case.  Plaintiff asserts that such evidence may unfairly cast him in a poor light or confuse the jury because there is no evidence indicating **he** participated in any of the criminal acts identified in those court filings.

Recently, in *Boardwalk Apartments, L.C. v. State Auto Property and Casualty Company*,[6] the Tenth Circuit found reversible error when the district judge excluded evidence of a coinsurance provision—evidence that would have shed light on the parties' motives in valuing an apartment complex that was destroyed by fire.  Under the coinsurance provision, if the apartment complex was underinsured at the time of the fire, the insurance company could reduce the amount it owed for the covered loss.  Whether the apartment complex was underinsured depended on whether the value of the apartment complex was below the insurance policy limits.  The Tenth Circuit held that evidence of

---

[5] ECF doc. 269.
[6] 816 F.3d 1284 (10th Cir. 2016).

the coinsurance provision should have been admitted so the jury could understand why valuation of the apartment complex would matter and why the insured had a motive to value the complex below the policy limit—a motive counter to what the jury would naturally expect.[7]

Similarly in this case, the jury must determine defendants' motives in detaining plaintiff, and the information contained in the plea agreements and indictment, along with the nature and seriousness of the criminal activity, likely impacted defendants' motives. Without this evidence, the jury may be left wondering why defendants detained plaintiff in the first instance and whether defendants' motives in executing the detention were ultimately lawful.

Additionally, like in *Boardwalk*, the undersigned does not believe introduction of the plea agreements and indictment risks any meaningful unfair prejudice or jury confusion.[8] There is nothing particularly complex about the concept that, ultimately, plaintiff was neither indicted nor formally accused of criminal wrongdoing arising out of the January 4, 2011 sting operation. But the jury is entitled to hear the full story as to whether criminal conduct occurred, whether defendants reasonably believed that such conduct occurred, and whether defendants reasonably believed or possessed probable cause that plaintiff had engaged in criminal conduct. The information contained in the plea agreements and indictment flesh out some specific factual details of why Officers Forrest, Bell, and Sillings were convicted and also corroborates the defendants' reasons

---

[7] *Id.* at 8.
[8] *Id.* at 13.

for the reverse sting in the first place.  While the undersigned recognizes that plaintiff is not identified in the court filings at issue, that is a fact plaintiff is free to point out—and indeed highlight—to the jury.

Finally, the undersigned finds that the indictment and plea agreements are not cumulative of evidence to which the parties already have stipulated.  The parties have stipulated to the fact that Officers Forrest, Bell, and Sillings were ultimately indicted federally and pled guilty to crimes involving the activities associated with the sting operation and the three complaints of theft which led to the sting operation.  The parties have further stipulated that these officers were indicted under conspiracy against rights, 18 U.S.C. § 241, deprivation of rights, 18 U.S.C. § 242, and theft of government property, 18 U.S.C. §§ 641 and 2.  However, the information contained in the indictment and plea agreements provides important factual details about the sting operation that are not included in the stipulations—details which are probative of defendants' contentions and defenses.  As such, the indictment and plea agreements are highly probative and not cumulative.

The court is confident the jury will be able to distinguish plaintiff's actions from those of others and that the danger of potential unfair prejudice or confusion is low. Given the high probative value of this evidence, the court does not find that plaintiff has met his burden under Rule 403.  As such, and following *Boardwalk*'s admonition that the power to exclude relevant evidence under Rule 403 is extraordinary and should be

exercised sparingly,[9] the court holds that evidence of the three plea agreements and indictment is admissible at trial.

With that said, the court intends to give the jury a limiting instruction, both when this evidence is first presented to the jury and again in writing at the end of the case. The crux of that instruction will be that plaintiff had no involvement in the federal criminal case, directly or through counsel, and thus the various statements in the indictment and plea agreements only reflect the agreed disposition of that case by the U.S. Government and Officers Forrest, Bell, and Sillings. The court invites the parties to confer and try to reach agreement (if possible) on the precise language of an appropriate limiting instruction; any joint or separate submissions in this regard must be filed by **October 18, 2016.**

IT IS SO ORDERED.

Dated October 14, 2016, at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge

---

[9] *Boardwalk*, 816 F.3d at 7 (citing *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985)).